Iris Bradstreet (SBN 306678)
Iris.Bradstreet@sagaftra.org

SAG-AFTRA
5757 Wilshire Boulevard, 7th Floor
Los Angeles, California 90036-3600
Telephone:  (323) 549-6084
Facsimile:   (323) 549-6624

Attorney for Petitioner
Screen Actors Guild - American Federation
of Television and Radio Artists

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCREEN ACTORS GUILD-AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS, a non-profit corporation, on behalf of Affected Performers,<br><br>Petitioner,<br><br>v.<br><br>GEORGIA FILM FUND ONE, LLC,<br><br>Respondent. | Case No.  2:26-cv-5183<br><br>**NOTICE OF MOTION AND MOTION FOR ORDER CONFIRMING ARBITRATION AWARD AND FOR ENTRY OF JUDGMENT IN CONFORMITY THEREWITH; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF ED MEHRABI IN SUPPORT THEREOF**<br><br>Date: _____<br>Time: _____<br>Place: _____<br>Judge: _____ |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on _____, 2023, at _____ a.m./p.m., or as soon as this matter may be heard, petitioner Screen Actors Guild-American Federation of Television and Radio Artists, ("SAG-AFTRA"), will move, and hereby does move, the United States District Court, located in Courtroom _____ at _____, Los Angeles, California, for an Order that:

1. Confirms the arbitration award in favor of SAG-AFTRA and against Respondent Georgia Film Fund One, LLC ("Producer"), SAG-AFTRA Case No. TM 9656, dated May 17, 2022 ("Arbitration Award"), in all respects;

2. Enters judgment in conformity therewith;

3. Awards SAG-AFTRA attorney's fees and costs;

4. Awards such other and further relief as the Court deems just and proper.

This motion is made pursuant to a collective bargaining agreement by which SAG-AFTRA obtained the Arbitration Award against Producer and which expressly provides that the present Court may confirm the Arbitration Award.

This Court's jurisdiction arises under section 301(a) of the Labor Management Relations Act of 1947 ("LMRA") (29 USC § 185(a)), as amended, which grants the District Court original jurisdiction over actions relating to violations of collective bargaining agreements between an employer and a labor organization in an industry affecting interstate commerce, without regard to the amount in controversy or the citizenship of the parties.

Venue is proper in the Central District of California because the Arbitration Award was issued in this district.

This motion is based upon this Notice of Motion and Motion as well as the attached Memorandum of Points and Authorities, Declaration of Iris R. Bradstreet, all pleadings and papers on file, and upon such further oral or documentary evidence that may be presented at the time of hearing.

Pursuant to Local Rule 7-3, Union sent a meet and confer letter to Respondent's last known addresses on April 1, 2026. As of the date of this filing, Union has not been able to resolve this matter with Respondent.

Dated: April 29, 2026

Respectfully Submitted,

SCREEN ACTORS GUILD-
AMERICAN FEDERATION OF
TELEVISION AND RADIO ARTISTS

By: /s/ Iris R. Bradstreet
     Iris R. Bradstreet
     Attorney for Petitioner

NOTICE OF MOTION AND MOTION
FOR ORDER CONFIRMING ARBITRATION AWARD
AND FOR ENTRY OF JUDGMENT

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

Petitioner Screen Actors Guild-American Federation of Television and Radio Artists ("SAG-AFTRA"), respectfully submits the following Points and Authorities in support of its motion to confirm an arbitration award and enter a corresponding judgment.

### I.    <u>STATEMENT OF FACTS</u>

### A.    <u>The Parties and Underlying Dispute</u>

SAG-AFTRA is a union that represents approximately 160,000 media artists who work in motion pictures, television, radio, the internet, and other media formats.  Declaration of Iris R. Bradstreet ("Bradstreet Decl."), ¶ 3.  Respondent Georgia Film Fund One, LLC ("Producer") executed a Theatrical Adherence Letter entitled the 2009 Screen Actors Guild Agreement for Independent Producers of Theatrical Motion Pictures ("TAL") dated December 28, 2009 binding the Producer to the Producer-Screen Actors Guild Codified Basic Agreement of 2005, as amended by the 2009 Memorandum of Agreement (the "Basic Agreement" or "CBA")..  *Id.* at ¶ 4, <u>Ex. A</u>. [1]

Producer also executed a Security Agreement dated December 15, 2009, to secure the full, timely, and faithful performance of all its obligations under the TAL and CBA in connection with the motion picture entitled "*Gun*" aka "*The Gun*" (the "Picture").  *Id*. at ¶ 5, <u>Ex. B</u>.

Producer is signatory to, or otherwise bound by, the terms and conditions of the CBA.  *Id.* at ¶ 6, <u>Ex. C</u>. [2]  Pursuant to the terms of the TAL and CBA, Producer produced the Picture using SAG-AFTRA actors or other performers covered by Basic Agreement (collectively "Affected Performers").  *Id.* at ¶ 7.

Affected Performers reported for work on the Picture as required and

---

[1] All referenced exhibits throughout the memorandum of points and authorities are expressly incorporated herein as if set forth in full.

[2] Because the Basic Agreement is 814 pages in length, only relevant portions of the document have been attached.

MEMO OF POINTS AUTHORITIES IN SUPPORT OF MOTION FOR ORDER CONFIRMING ARBITRATION AWARD AND FOR ENTRY OF JUDGMENT

completed their assignments, as requested by the Producer. *Id.* at ¶ 8. Producer released the Picture for distribution in various non-theatrical markets. *Id.* at ¶ 9. As a result, Producer became obligated to pay Performers additional compensation known as residuals, as required by sections 5 and 5.2 and Sideletter 22 of the Basic Agreement. *Id.* at ¶ 10, Ex. C, pp. 2-23, 38-40, and 43-62. Pension and health ("P & H") contributions also became due and payable on behalf of Performers pursuant to section 34 of the Basic Agreement. *Id.* at ¶ 11, Ex. C, pp. 31-37 and 42.

Producer failed or refused to pay the residuals compensation Affected Performers. *Id.* at ¶ 12. Because Producer failed or refused to pay the residuals compensation due to Affected Performers, late payment liquidated damages ("LPLDs") also became due pursuant to section 5.2 of the Basic Agreement. *Id.* at ¶ 13, Ex. C, pp. 2-23, 38-40, and 43-62.

## B.  SAG-AFTRA Obtains Arbitration Award Against Producer.

On or about April 28, 2014, pursuant to the arbitration provision (section 9) of the Basic Agreement, Union served a statement of claim and demand for arbitration ("Demand") on Producer for failure to pay residual compensation, pension and health contributions, and LPLDs due. *Id.* at ¶ 14, Ex. D.

The Demand was served in accordance with the notice provision section 9 of the Basic Agreement.[3] *Id.* at ¶ 15, Ex. C, pp. 24-30.

Producer failed to respond to the Demand, therefore a default arbitration hearing was scheduled for May 17, 2022. *Id.* at ¶ 16, Ex. E.

A default hearing was held on May 17, 2022 before Arbitrator Douglas Collins. *Id.* at ¶ 17. Producer neither appeared nor sought a continuance of the hearing. *Id.* Consequently, Arbitrator Douglas Collins issued an arbitration award ("Arbitration Award") on May 17, 2022, in favor of SAG-AFTRA and against Producer. *Id.* at ¶ 17, Ex. F.

---

[3] *See* Bradstreet Decl., ¶ 6, Ex. C. for Arbitration Notice Provision.

MEMO OF POINTS AUTHORITIES IN SUPPORT OF MOTION FOR ORDER CONFIRMING ARBITRATION AWARD AND FOR ENTRY OF JUDGMENT

The Arbitration Award provides the following relief:

1.   Georgia Film Fund One, LLC …[is hereby ordered] to pay SAG-AFTRA for payment and distribution of SAG-AFTRA performers residuals compensation, late payment liquidated damages ("LPLD's"), pension and health contributions ("P&H"), and an estimate of employer-side taxes and payroll house expenses to SAG-AFTRA …:

| | |
|---|---|
| Residuals: | $47,463.12 |
| P&H: | $ 6,976.13 |
| LPLD's: | $ 47,463.12 |
| Taxes and Fees: | $ 17,957.12 |
| **GRAND TOTAL:** | **$119,859.49** |

…

*Id.* at ¶18, Ex. F.

The Arbitration Award was sent to Producer on June 14, 2022. *Id.* at ¶ 19, Ex. G.

Despite SAG-AFTRA's demand, Producer has failed and continues to fail to pay SAG-AFTRA the outstanding balance of $119,859.49 required by the Arbitration Award, and to otherwise comply with said Arbitration Award. *Id.* at ¶20.

**C.   SAG-AFTRA Presently Seeks Confirmation of the Arbitration Award, Entry of Judgment, and Attorney's Fees and Costs.**

SAG-AFTRA hereby seeks an order from this Court confirming the outstanding balance due from the Arbitration Award, which totals $119,859.49. SAG-AFTRA also requests that judgment be entered in conformity with said Arbitration Award and include an additional award of attorney's fees and costs.

Pursuant to Local Rule 7-3, SAG-AFTRA sent a meet and confer letter to Producer's last known addresses on April 1, 2026, but this matter remains

MEMO OF POINTS AUTHORITIES IN SUPPORT OF MOTION FOR ORDER CONFIRMING ARBITRATION AWARD AND FOR ENTRY OF JUDGMENT

unresolved. *Id.* at ¶21, <u>Ex. H</u>.

## II.   LAW AND ARGUMENT

### A.   This Court Is Empowered To Confirm the Arbitration Award.

The District Courts are empowered to enforce arbitration awards issued in accordance with a collective bargaining agreement. *United Steelworkers of America v. Enterprise Wheel and Car Corp.*, 363 U.S. 593, 597 (1960). The Arbitration Award in favor of SAG-AFTRA and against Producer was awarded pursuant to a collective bargaining agreement, the Basic Agreement. Bradstreet Decl., ¶¶ 6, 18, <u>Ex. F</u>. Section 9(F) of the Basic Agreement provides that the Arbitration Award may be confirmed in any court of competent jurisdiction. *Id.* at ¶ 6, <u>Ex. C</u>, p. 24-30. Accordingly, this Court is empowered to confirm and enforce the Arbitration Award.

### B.   An Arbitration Award Must Be Confirmed If It Draws Its Essence From the Collective Bargaining Agreement.

Under the *United Steelworkers* trilogy of cases, the Court will not review the substantive merit of an arbitration award made in accordance with a collective bargaining agreement. *See United Steelworkers of America v. American Manufacturing Co.*, 363 U.S. 564 (1960); *United Steelworkers of America v. Warrior and Gulf Navigation Co.*, 363 U.S. 574 (1960); *United Steelworkers of America v. Enterprise Wheel and Car Co.*, supra. Instead, the Court will defer to the arbitrator's legal and factual determinations. *Am. Postal Workers' Union v. United States Postal Serv.*, 682 F.2d 1280, 1284 (9th Cir. 1982), *cert. denied*, 459 U.S. 1200 (1983).

### C.   The Present Arbitration Award Should Be Confirmed Because the Arbitrator Found That Producer Breached Its Obligations To SAG-AFTRA.

In the current case, the Arbitrator applied the relevant provisions of the Basic Agreement and the TAL to the facts of the case and found that Producer breached its obligations under the Basic Agreement, and awarded monetary and other relief

in favor of SAG-AFTRA and against Producer.  Bradstreet Decl., ¶18, Ex. F.  As a matter of public policy and in the interest of the stability of labor relations, as well as in accordance with Congress' intent as interpreted by the U.S. Supreme Court, the Basic Agreement and the Arbitration Award must be enforced.  Accordingly, the Arbitration Award should be confirmed and judgment entered in conformity therewith.  *United Steelworkers of America*, 363 U.S. at 596.

**D.    SAG-AFTRA Should Be Awarded Its Attorney's Fees and Costs.**

Attorney's fees may be recovered in an action brought under Section 301 of the LMRA (29 U.S.C. §185) where a party without justification refuses to abide by the arbitration award.  *International Union of Petroleum and Industrial Workers v. Western Industrial Maintenance, Inc.*, 707 F.2d 425, 428 (9th Cir. 1983); *see also Int'l Union, United Auto., etc. v. United Farm Tools, Inc.*, 762 F.2d 76, 77 (8th Cir. 1985) (unjustified refusal to abide by arbitration award, combined with failure to act to set aside award, is evidence of bad faith sufficient to warrant attorney's fees).

Producer has not asserted nor demonstrated any legal justification for failing to comply with the Arbitration Award.  Instead, Producer has consistently failed to pay the amount due in response to SAG-AFTRA's notices and has forced SAG-AFTRA to initiate this action in Federal Court to confirm and enforce the Arbitration Award.  Considering the prevailing rate for attorney's fees, as well as the estimated eight (8) hours that SAG-AFTRA's attorney worked or will have worked in preparing the present motion and supporting documents as well as court appearance time, SAG-AFTRA respectfully requests that this Court award attorney's fees in the amount of $2,984.00 and filing costs in the amount of $402.00 as set forth in the accompanying declaration.  *See* Bradstreet Decl., ¶¶ 22-29.

### III.    CONCLUSION

For the foregoing reasons, SAG-AFTRA requests that the Court confirm the remaining amount of $119,859.49 due and owing pursuant to the Arbitration

MEMO OF POINTS AUTHORITIES IN SUPPORT OF
MOTION FOR ORDER CONFIRMING ARBITRATION
AWARD AND FOR ENTRY OF JUDGMENT

Award, enter judgment in conformity therewith, and award attorney's fees to SAG-AFTRA in the amount of $2,984.00 and costs in the amount of $402.00.

Dated: May 13, 2026                                    Respectfully Submitted,

                                                       SCREEN ACTORS GUILD-
                                                       AMERICAN FEDERATION OF
                                                       TELEVISION AND RADIO ARTISTS


                                                       By: /s/ Iris R. Bradstreet
                                                              Iris R. Bradstreet
                                                              Attorney for Petitioner

MEMO OF POINTS AUTHORITIES IN SUPPORT OF
MOTION FOR ORDER CONFIRMING ARBITRATION
AWARD AND FOR ENTRY OF JUDGMENT

## DECLARATION OF IRIS R. BRADSTREET

I, IRIS R. BRADSTREET, declare as follows:

1.      I am an attorney licensed to practice law in the State of California and admitted to this Court.  I am the attorney of record for petitioner Screen Actors Guild-American Federation of Television and Radio Artists, as successor-in-interest to Screen Actors Guild, Inc. ("SAG-AFTRA"), in this matter.

2.      This Declaration is submitted in support of SAG-AFTRA's motion for order confirming arbitration award and for entry of judgment in conformity therewith.  I prepared the foregoing motion.  The allegations contained in the motion are true to the best of my knowledge, except those that are stated on information and belief.   As to those matters, I believe them to be true.

3.      SAG-AFTRA is a union that represents approximately 160,000 media artists who work in motion pictures, television, radio, the internet, and other media formats.

4.      Respondent Georgia Film Fund One, LLC ("Producer") executed a Theatrical Adherence Letter entitled the 2009 Screen Actors Guild Agreement for Independent Producers of Theatrical Motion Pictures ("TAL") dated December 28, 2009 binding the Producer to the Producer-Screen Actors Guild Codified Basic Agreement of 2005, as amended by the 2009 Memorandum of Agreement (the "Basic Agreement" or "CBA"). A true and correct copy of the TAL is attached hereto as Exhibit A, and is incorporated herein by reference.

5.      Producer also executed a Security Agreement dated December 15, 2009, to secure the full, timely, and faithful performance of all its obligations under the TAL and CBA in connection with the motion picture entitled "*Gun*" aka "*The Gun*" (the "Picture").  A true and correct copy of the executed Security Agreement is attached hereto as Exhibit B and incorporated herein by reference.

6.      Producer is signatory to, or otherwise bound by, the terms and

- 10 -

SUPPORTING DECLARATION

conditions the CBA. True and correct copies of the relevant portions of the Basic Agreement are attached hereto as Exhibit C and incorporated herein by reference.[1]

7. Pursuant to the terms of the TAL and the Basic Agreement, Producer produced the Picture using SAG-AFTRA actors or other performers covered by the Basic Agreement (collectively "Affected Performers").

8. Affected Performers reported for work on the Picture as required and completed their assignments, as requested by Producer.

9. Producer released the Picture for distribution in various non-theatrical markets.

10. As a result, Producer became obligated to pay Performers additional compensation known as residuals, as required by sections 5 and 5.2 and Sideletter 22 of the Basic Agreement. (See Exhibit C, pp. 2-23, 38-40, and 43-62 for relevant sections.)

11. Pension and health contributions ("P & H") also became due and payable on behalf of Performers pursuant to section 34 of the Basic Agreement. (See Exhibit C, pp. 31-37 and 42 for relevant sections.)

12. Producer failed or refused to pay the residuals compensation due to Performers.

13. Because Producer failed or refused to pay the residuals compensation due to Performers, late payment liquidated damages ("LPLDs") also became due pursuant to section 5.2 of the Basic Agreement. (See Exhibit C, pp. 2-23, 38-40, and 43-62 for relevant sections.)

14. On or about April 28, 2014, pursuant to the arbitration provision (section 9) of the Basic Agreement, Union served a statement of claim and demand for arbitration ("Demand") on Producer for failure to pay residual compensation, pension and health contributions, and LPLDs due. The Demand is attached hereto

---

[1] Because the Basic Agreement is 814 pages in length, only relevant portions of the document have been attached.

SUPPORTING DECLARATION

as <u>Exhibit D</u>, and incorporated herein by reference.

15.     Said statements of claim and demands for arbitration were served in accordance with the notice provision section 9 of the Basic Agreement. (See <u>Exhibit C</u>, pp. 24-30 for relevant sections.)

16.     Not having received a response from Producer to the Demand, SAG-AFTRA exercised its right to unilaterally select an arbitrator and arbitration date. On April 18, 2022, SAG-AFTRA sent a Notice of Arbitration to Producer of the May 17, 2022 hearing before Arbitrator R. Douglas Collins.  A true and correct copy of the notice of arbitration is attached hereto as <u>Exhibit E</u>.

17.     Based on my review of the file and on the Arbitration Award, a default arbitration hearing was held on May 17, 2022.  Producer neither appeared nor sought a continuance of the hearing.  Consequently, Arbitrator Douglas Collins issued an arbitration award ("Arbitration Award") on May 17, 2022, in favor of Union and against Georgia Film Fund One, LLC.  A true and correct copy of the Arbitration Award is attached hereto as <u>Exhibit F</u>.

18.     The Arbitration Award provides the following relief:

 2.     Georgia Film Fund One, LLC …[is hereby ordered] to pay SAG-AFTRA for payment and distribution of SAG-AFTRA performers residuals compensation, late payment liquidated damages ("LPLD's"), pension and health contributions ("P&H"), and an estimate  of employer-side taxes and payroll house expenses to SAG-AFTRA …:

| | |
|---|---|
| Residuals: | $47,463.12 |
| P&H: | $ 6,976.13 |
| LPLD's: | $ 47,463.12 |
| Taxes and Fees: | $ 17,957.12 |
| **GRAND TOTAL:** | **$119,859.49** |

…

SUPPORTING DECLARATION

19.     A copy of the Arbitration Award was sent to Producer on June 14, 2022.  A true and correct copy is attached hereto as Exhibit G.

20.     Despite Union's demand, Producer has failed and continues to fail to pay Union the total amount of $119,859.49 required by the Arbitration Award, and to otherwise comply with said Arbitration Award.

21.     Pursuant to Local Rule 7-3, Petitioner Union sent a meet and confer letter to Producer's last known addresses on April 1, 2026.  However, this matter remains unresolved. A true and correct copy of the meet and confer letter is attached hereto as Exhibit H.

22.     In addition to confirmation of the Arbitration Award and entry of judgment in conformity therewith, SAG-AFTRA seeks attorney's fees and costs.

23.     I have practiced law since 2015 in California, where I was admitted to the Bar in December of 2015.  I am also admitted to practice in the U.S. District Court for the Central District of California.

24.     I have practiced in-house with SAG-AFTRA since March of 2017.  In that capacity, I represent SAG-AFTRA and its members in a wide variety of arbitrations arising under SAG-AFTRA's collective bargaining agreements.

25.     I have reviewed my activities on behalf of SAG-AFTRA in this matter.   In calculating the hours set forth herein, I have considered my time in preparing the present declaration, and related notice of motion and motion, memorandum of points and authorities, proposed judgment, notice of interested parties, as well as correspondence and attempted communications with Producer and my estimated travel and court time.

26.     I have calculated the reasonable market value of my services by taking the prevailing hourly rate of private attorneys whose practices focus on labor relations law in the entertainment industry and assessing my rate within the lower

SUPPORTING DECLARATION

to mid-range of that scale.    Based upon those rates, a reasonable rate for an attorney of my background and experience is $373.00 per hour.

27.    Fees awarded in this action will not inure to me personally, but will be paid to SAG-AFTRA, a non-profit corporation and certified labor organization.

28.    The compensation for which SAG-AFTRA is entitled for my services is $2,984.00, which was computed as follows: eight (8) hours at $373.00 per hour.

29.    The costs incurred in this action total $402.00 in filing costs.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Los Angeles, California, May 1, 2026

/s/ Iris R. Bradstreet
Iris R. Bradstreet

SUPPORTING DECLARATION